UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION 1:06-CV-80(M)**

**DONALD HENDRICK and**
**CONCERNED CITIZENS FOR TRUE**
**HORSE PROTECTION**                                                                           **PLAINTIFFS**

**V.**

**UNITED STATES DEPARTMENT**
**OF AGRICULTURE ("USDA"), and**
**ANIMAL AND PLANT HEALTH**
**INSPECTION SERVICE ("APHIS")**                                                               **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the motion of Defendant United States Department of Agriculture's Motion to Dismiss. This matter is fully briefed and ripe for decision. Attachments to the briefs have not been considered, and this matter is considered only as a motion to dismiss, without conversion to a motion for summary judgment.

**FACTS**

The Horse Protection Act (HPA) is federal legislation which outlaws the practice of "soring." 15 U.S.C. § 1821, et seq.[1] Soring involves harm to the feet or limbs of horses in

---

[1] The Act, 15 U.S.C. § 1821(3), defines "sore" in the following manner:
(3) The term "sore" when used to describe a horse means that-
(A) an irritating or blistering agent has been applied, internally or externally, by a person to any limb of a horse,
(B) any burn, cut, or laceration has been inflicted by a person on any limb of a horse,
(C) any tack, nail, screw, or chemical agent has been injected by a person into or

order to enhance the attractiveness of a light-stepped or high-stepping gait during horse-show performances. This is a particular concern for the breed of Tennessee Walking Horses. Under the HPA, horses are examined for soring prior to shows. If it is determined that a horse has been subjected to soring, the horse is excluded from the show.

Congress enacted the HPA in 1970. Since then, controversy has ensued over the interpretation and application of the HPA, and a related regulation known as the "Scar Rule" which is codified at 9 C.F.R. § 11.3. The Plaintiffs have filed suit, requesting a declaration of rights. Plaintiffs seek to have the Court define "sore" and "scar" beyond the definitions provided in the regulations. Plaintiffs assert that a case and controversy exists based on the inconsistent enforcement of the HPA and Scar Rule and the inconsistent method of inspections. In addition to providing definitions, the Plaintiffs request the Court to establish uniform policies and procedures that relate to the HPA and Scar Rule.

## Discussion

The USDA asserts that this case should be dismissed based on a lack of jurisdiction, a failure to state a claim upon which relief may be granted, and a failure to exhaust

---

used by a person on any limb of a horse, or
(D) any other substance or device has been used by a person on any limb of a horse or a person has engaged in a practice involving a horse, and, as a result of such application, infliction, injection, use, or practice, such horse suffers, or can reasonably be expected to suffer, physical pain or distress, inflammation, or lameness when walking, trotting, or otherwise moving, except that such term does not include such an application, infliction, injection, use, or practice in connection with the therapeutic treatment of a horse by or under the supervision of a person licensed to practice veterinary medicine in the State in which such treatment was given.

administrative remedies.

The Plaintiffs assert that jurisdiction exists pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. But "[i]t is well established that the Declaratory Judgment Act . . . is not an independent source of federal jurisdiction." Louisville and Nashville R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir. 1983). "[B]efore invoking the Act, the court must have jurisdiction already." Heydon v. MediaOne of Southeast Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." With the Declaratory Judgment Act, Congress created an opportunity, not a duty, to grant relief to qualifying litigants. Westfield Ins. Corp. v. Mainstream Capital Corp., 366 F.Supp.2d 519, 521 (E.D.Mich. 2005) (quoting Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 969 (6th Cir. 2000). "[T]he exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, and at times the better exercise of discretion favors abstention." Westfield Ins. Corp., 366 F.Supp.2d at 521, citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942).

Thus, the Court must consider whether there is independent federal jurisdiction over this matter. The Plaintiff has the burden to establish jurisdiction. Courtney v. Smith, 297 F.3d 455, 459 (6th Cir. 2002). For the Court to have jurisdiction, the Plaintiffs must establish that they have standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters v. Airborne, Inc., 332 F.3d 983, 987-88 (6th Cir.

2003).

While the Defendants in this case did not specifically address the matter of standing in their briefing, "federal Courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998)(overruled on other grounds); S.E.C. v. Basic Energy & Affiliated Resources, Inc. 273 F.3d 657, 665 (6th Cir. 2001)(the court has "an independent obligation to police [its] own jurisdiction."); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997); Minority Police Offiers Ass'n v. City of South Bend, 721 F.2d 197, 199 (7th Cir. 1983). "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." In re Lewis, 398 F.3d 735, 739 (6th Cir. 2005).

"[C]onstitutional standing is always a threshold inquiry that a court must consider before exercising jurisdiction." In re Cannon, 277 F.3d 838, 852 (6th Cir. 2002)(internal citation omitted). "[S]tanding is perhaps the most important of the jurisdictional doctrines." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)(internal citations omitted). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). In light of the importance that Sixth Circuit and Supreme Court precedent places upon standing, this Court would be remiss if it did not address Plaintiffs' standing in this case.

To satisfy the standards for constitutional standing, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between

the injury and the conduct at issue-the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." Blachy v. Butcher, 221 F.3d 896, 909 (6th Cir. 2000).

An injury in fact is an injury that has been sustained or is presently causing an immediate danger of injury. O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974). Without evidence that an injury is "actual or imminent," the injury is only "conjectural or hypothetical" and therefore does not establish standing. Mich. Gas Co. v. Fed. Energy Regulatory Comm'n, 115 F.3d 1266, 1270 (6th Cir. 1997). In this case, it is unclear what injury the Plaintiffs allege. The Plaintiffs' Complaint alleged that federal legislation and regulation in the form of the HPA and the Scar Rule are unclear and arbitrarily enforced. But the Complaint does not allege that this has caused harm, either to the Plaintiffs themselves or to anyone else. The complaint submits that there is "an actual case and controversy between the parties . . . in that USDA and APHIS have acted arbitrarily, inconsistently and unfairly in the process of their inspection (pre- and post show), interpretation and enforcement of the Horse Protection Act, the Scar Rule and other implementing federal regulations." But this is the type of injury that is "conjectural or hypothetical." See Mich Gas Co., 115 F.3d at 1270. The complaint has not alleged any instances of the inconsistencies or unfairness relating to the HPA, only generalized complaints. There is no "concrete and particularized" injury in this case. See Blachy, 221 F.3d at 909. Because the Plaintiffs lack a concrete injury, the Court cannot examine whether such an injury is fairly traceable to the defendant's action or whether an injury could be redressed by this court.

5

Absent a showing of harm or injury in fact, the Plaintiffs have failed to establish standing.

Here, any alleged or threatened injury based on the HPA or the Scar Rule has not yet occurred. The Plaintiffs have not shown that a judicial decision in this case is needed, or that any hardship will ensue if the case is not litigated at this time. It was the duty of the Plaintiffs to more completely allege that the USDA has caused harm or that it imminently will cause harm. Mere uncertainty about the HPA and Scar Rule alone does not create an injury in fact. See Airline Professionals Association, 332 F.3d at 988 (uncertainty about whether an agreement was binding did not alone create an injury in fact).

In the case of Fleming v. USDA, 713 F.2d 179 (1983), the Court found that the HPA prohibitions on soring were not unconstitutionally vague, and further, there was not a denial of due process in the alleged lack of uniformity in determining soreness. Id. Thus, the Sixth Circuit has previously determined that the definitions of soring provided in the HPA are sufficient. Id. The Plaintiffs' bare assertions of a lack of clarity in the law do not demonstrate an injury, particularly when the Sixth Circuit has previously pronounced the legislation's definitions as sufficient. In this case, the Plaintiffs lack standing and this Court lacks jurisdiction.

In the alternative, even if the Plaintiffs were to establish standing, this court would not find it appropriate to exercise jurisdiction. See Brillhart v. Excess Ins. Co., 316 U.S. at 494 (the exercise of jurisdiction is not mandatory and the court may use its discretion). Section (b) of the HPA provides for judicial review in the circuit court after a person has been cited for violating the HPA. 15 U.S.C. § 1825(b). The Sixth Circuit has previously found the

language and implementation of the HPA to be constitutional. <u>Fleming</u>, 713 F.2d 179; <u>see also Gray v. Madigan</u>, 796 F.Supp. 1093 (M.D.Tenn. 1992). In light of <u>Fleming</u> and the statutorily prescribed method of review contained in the HPA, this Court does not find this to be an appropriate situation in which to exercise its discretion under the Declaratory Judgment Act. <u>See Scottsdale Ins.</u>, 211 F.3d at 969 (the Declaratory Judgment Act gives the court "an opportunity, rather than a duty" to exercise jurisdiction). The Court does not find that the alleged lack of clarity in the HPA will result in irreparable harm, and thus, this Court will not exercise jurisdiction.

## Conclusion

For all the foregoing reasons, it is hereby ordered that USDA's Motion to Dismiss is GRANTED based on a lack of jurisdiction [DN 16].

cc: counsel of record